UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MICHAEL GUINTO,

                              Plaintiff,                    FIRST AMENDED COMPLAINT
                                                           14 CV 4148 (AKH)(MHD)

        - against -

THE CITY OF NEW YORK, MATTHEW PERRONE,
RICHARD FAZIO, and KELLY RIOS, employees of
the New York City Police Department,

                              Defendants.                  **Jury Trial Demanded**

-------------------------------------------------------------------X

        Michael Guinto, by his attorney, The Law Office of Matthew Flamm,

alleges the following, upon information and belief, as his First Amended

Complaint:


                              Nature of the Action

        1.      This civil rights action arises from November 26, 2013 assaults on

Michael Guinto by New York City Police Officers.  This action arises under the

United States Constitution and New York common law.  Plaintiff seeks

compensatory and punitive damages for violation of his civil rights under 42

U.S.C. §1983.


                              Jurisdiction and Venue

        2.      This action arises under the United States Constitution and 42

U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C.

§1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under

28 U.S.C. §1367.  Plaintiff requests that this Court exercise pendent jurisdiction

over those state law claims arising out of the same common nucleus of operative

facts as do Plaintiff's federal claims.

        3.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern

District of New York because defendant City of New York resides in that judicial

District.

Notice of Claim

4.      On or about February 21, 2014, Plaintiff caused a Notice of Claim to be served upon Defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

5.      The Notice of Claim was in writing and was sworn to by the Plaintiff.

6.      The Notice of Claim contained the name and post office address of the Plaintiff, the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

7.      Defendant City of New York assigned the claim number 2014PI005406.

8.      More than thirty days have elapsed since presentment of the claims and Defendant City of New York has not adjusted the claims within the statutory time period.

9.      This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

Parties

10.     Plaintiff MICHAEL GUINTO is a citizen of the United States of America residing in the State and City of New York, County of the Kings.  He is thirty-one years of age, married with two children, employed as an elevator mechanic, and had never been arrested before this incident.

9.      Defendant CITY OF NEW YORK is a municipal corporation duly incorporated and existing under the laws of New York State.  Pursuant to its Charter, New York City has established and maintains a Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the defendants more fully identified below.

11.     Defendant RICHARD FAZIO was at all times relevant a duly appointed and acting officer employed by the New York City Police Department and assigned to Transit District 1.  Defendant Fazio is liable for directly participating in the events complained of and in failing to intervene to protect the Plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

12.     Defendant MATTHEW PERRONE was at all times relevant a duly appointed and acting officer employed by the New York City Police Department and assigned to Transit District 1.  Defendant Perrone is liable for directly participating in the events complained of and in failing to intervene to protect the Plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

13.     Defendant KELLY RIOS was at all times relevant a duly appointed and acting employee of  the New York City Police Department holding the rank of Sergeant and assigned to Transit District 1.  Defendant KELLY RIOS is liable for directly participating in the events complained of and in failing to properly supervise her subordinates or to sintervene to protect the Plaintiff from the illegal conduct of her fellow officers.  She is sued in her individual capacity.

14.     At all times relevant, Defendants FAZIO, PERRONE, and RIOS (the "individual Defendants") were acting under color of state law.

15.     The individual Defendants and the other Police Officers involved in the incident underlying this lawsuit were at all times relevant agents, servants and employees acting within the scope of their employment by Defendant City of New York.

Facts Underlying<br>Plaintiff's Claims for Relief

16.     Beginning on November 26, 2013 at or about 5:20 p.m. at and inside of the Times Square subway station under, at, and around 43rd Street and in the

vicinity of the S Train, New York City Police Officers assaulted and arrested Michael Guinto.  Defendant Fazio further assaulted Mr. Guinto during the car ride from the Times Square Station to the 59th Street/Columbus Circle Police facility.

17.    At the above time and place, Plaintiff and a cousin with whom he works were at the Times Square subway station and were traveling home.

18.    Plaintiff was beyond the turnstile walking toward the N Train when he turned and saw his cousin being detained by police.  Apparently, he had not paid his fare.

19.    Mr. Guinto returned and inquired why his cousin was being arrested instead of receiving a summons.

20.    When he continued questioning, Plaintiff was surrounded by officers, including individual defendants.  Defendant Fazio told Mr. Guinto to "shut the f*** up," to which Plaintiff replied with words to the effect that "this is F'in America, I am not going to shut up."

21.    Defendant RIOS approached plaintiff from behind and then pepper sprayed Mr. Guinto in his face.

22.    Mr. Guinto was grabbed from behind and pulled to the ground while defendant RIOS continued to spray chemical in Plaintiff's eyes.  Individual Defendants struck Michael Guinto in the face and head.

23.    Plaintiff, handcuffed and injured, was placed in a police vehicle accompanied by defendant Fazio, among others.

24.    During the ride to Transit District 1 Stationhouse, Fazio made gross and profane remarks to Mr. Guinto about Plaintiff's wife.  When Mr. Guinto spit in Fazio's face in response, Fazio had the vehicle stopped, pulled Michael Guinto from the car, and choked him.

25.    Mr. Guinto eventually arrived at the Transit District 1 Stationhouse.

26.    At the Stationhouse, the individual defendants prepared or allowed to be prepared false police reports regarding Mr. Guinto.

27.    Mr. Guinto was eventually taken to Central Booking to await arraignment.

28.    While Mr. Guinto was awaiting arraignment, defendant PERRONE caused and the other individual Defendants allowed false statements to be made to the New York County District Attorney's Office.

29.    The misrepresentations caused plaintiff to be prosecuted under New York County Criminal Court Docket No. 2013NY090020 on, among other things, assault, obstructing governmental administration, and resisting arrest.

30.    Plaintiff was eventually arraigned, released on his own recognizance, and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the charges.

31.    After his release, Mr. Guinto received medical treatment at New York Methodist Hospital.  He was found with his right eye and periorbital area in pain, swollen, and contused, and with a headache and altered vision.  His forehead was swollen, and his right eye had blood in it.  He was diagnosed with, among other things, a displaced fracture of the medial wall of the right orbit with right orbital emphysema.  He underwent a plastic surgery consultation and had follow up care with a Methodist Hospital-affiliated plastic surgeon.



32.    Mr. Guinto returned to Criminal Court until, in March 2014, the prosecution was disposed of by a guilty plea to Harassment, a violation,

not a crime, together with five days of community service and participation in an anger management class.

33.    The individual Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful conduct to which Mr. Guinto was subjected.

34.    The individual Defendants' acts and omissions caused Michael Guinto to suffer physical, financial, and emotional injuries in addition to deprivation of his constitutional rights.

35.    Michael Guinto, in addition to the physical injuries, suffered the emotional trauma of being assaulted by the Police during his arrest and again after he was handcuffed and in custody.  Plaintiff was unable to work for three weeks because of the eye injury.  Mr. Guinto, who was completing a four year National Elevator Industry Educational Program, was unable to complete his schooling, and his ability to test for his Mechanic's Certificate was delayed from November 2014 to November 2015.

36.    At all times relevant, the Police personnel involved acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well-being.

FIRST CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT
TO BE FREE FROM UNREASONABLE FORCE UNDER
THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

37.    Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

38.    When they struck Plaintiff, the individual Defendants used unreasonable, unnecessary and excessive force, thereby violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

39.    As a consequence thereof, Michael Guinto has been injured.

## SECOND CLAIM FOR RELIEF FOR ASSAULT

40.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

41.     By reason of the foregoing, Michael Guinto was intentionally placed in apprehension of imminent harmful and offensive contact, thereby having an assault committed upon him.

42.     As a consequence thereof, Michael Guinto has been injured.

## THIRD CLAIM FOR RELIEF FOR BATTERY

43.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

44.     By reason of the foregoing, Michael Guinto was intentionally and in a harmful and offensive manner touched, thereby having a battery committed upon him.

45.     As a consequence thereof, Michael Guinto has been injured.

FOURTH CLAIM FOR RELIEF FOR
DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.     The individual defendants created false evidence against plaintiff.

48.     The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

49.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

50.     As a consequence thereof, Michael Guinto sustained damages hereinbefore alleged.

FIFTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

51.     Plaintiff repeats the allegations of foregoing paragraphs as though fully stated here.

52.     The individual Defendants failed to intervene to prevent or end the misconduct to which Plaintiff was subjected.

53.     As a consequence thereof, Michael Guinto has been injured.


Request for Relief

WHEREFORE, Plaintiff respectfully request that judgment be entered that Michael Guinto's right to be free from unreasonable and excessive force under the United States Constitution was violated together with:

(A)     Compensatory damages in an amount to be fixed at trial;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

(C)     An award to Plaintiff of the costs and disbursements herein;

(D)     An award of attorney's fees under 42 U.S.C. §1988;

(E)     Such other and further relief as this Court may deem just and proper.


Dated: July 2, 2014
       Brooklyn, New York

                                    Law Office of Matthew Flamm
                                     Attorney for Plaintiff
                                    26 Court Street, Suite 2208
                                    Brooklyn, New York 11242
                                    (718) 797-3117


                                    Matthew Flamm